UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DANIEL OGLES, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:14-CV-251 |
| | § | |
| BARRATTELO, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER OF DISMISSAL

This case was filed as a civil rights action by a Texas state prisoner pursuant to 42 U.S.C. § 1983.

Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996), any prisoner action brought under federal law must be dismissed if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A. Plaintiff's action is subject to screening regardless whether he prepays the entire filing fee or proceeds as a pauper. *Ruiz v. United States*, 160 F.3d 273, 274 (5th Cir. 1998) (per curiam); *Martin v. Scott*, 156 F.3d 578, 580 (5th Cir. 1998) (per curiam), *cert. denied*, 527 U.S. 1041 (1999). Plaintiff's *pro se* complaint must be read indulgently, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and his allegations must be accepted as true, unless they are clearly irrational or wholly incredible, *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Applying these standards, Plaintiff's claims against the named Defendants are dismissed for failure to state cognizable § 1983 claims and/or as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1). Despite the finding of frivolous/failure to state a claim, the dismissal of this action will not count as a strike for purposes of 28 U.S.C. § 1915(g), but the filing fee collection order will remain intact.

## I. JURISDICTION

Plaintiff alleges federal question jurisdiction pursuant to 28 U.S.C. § 1331. Upon consent of the Plaintiff (D.E. 13), this case was referred to the undersigned United States magistrate judge pursuant to 28 U.S.C. § 636(c) to conduct all further proceedings, including entry of final judgment. (D.E. 14).

## II. PROCEDURAL BACKGROUND AND PLAINTIFF'S ALLEGATIONS

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID), and he is currently incarcerated at the Daniels Unit in Snyder, Texas. Plaintiff filed this lawsuit on June 10, 2014, complaining about a Use of Force (UOF) that occurred on October 19, 2013, when he was confined at the McConnell unit in Beeville, Texas. He named as Defendants two correctional officers on the UOF team that were employed to remove him from the shower, and identified by Plaintiff as Lieutenant Barrattelo and Officer Lee. (D.E. 1).

A *Spears*[1] hearing was held on September 3, 2014. The following allegations were made in Plaintiff's original complaint or at the evidentiary hearing:

In 2008, before entering the TDCJ, Plaintiff was diagnosed in the free world with bipolar disorder and anger management issues. However, his mental health did not present any problems until prison officials began treating him with a variety of antipsychotic medications, including Depakote, Celexa, Risperdal, and Lithium. Plaintiff did not like the medications, and two months ago he was permitted to stop taking them. Thus, he is no longer taking medication for his bipolar disorder and/or anger issues.

Plaintiff was assigned to the McConnell Unit from December 2010 through October 2013 and was on anti-psychotic medications at that time. In October 2013, Plaintiff was housed in Pre-Hearing Detention (PHD) because he had recently been involved in other altercations.[2] At that time, Officer Aleman was working in Plaintiff's PHD area. According to Plaintiff, Officer Aleman was "bored," and he urged Plaintiff to start a fire in his cell to "liven things up" so the time would pass more quickly.[3] Plaintiff agreed to do so believing that, if he started a fire, he would have the opportunity to speak

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985); *see also Eason v. Holt*, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a *Spears* hearing is incorporated into the pleadings).

[2] Before October 19, 2013, Plaintiff was involved in two other UOF proceedings in September – October, 2013. However, Plaintiff is not suing any Defendant for injuries arising from the earlier UOF incidents, but offers this information to explain why he was in PHD. He also complains that some of his property was lost when transferred to PHD, but acknowledged at the evidentiary hearing that a loss of property does not state a cognizable constitutional violation where the state has an adequate post-deprivation available. *See Murphy v. Collins,* 26 F.3d 541, 543 (5th Cir. 1994) (in Texas, the tort of conversion fulfills the post-deprivation remedy requirement).

[3] According to Plaintiff, Officer Aleman was eventually fired for egging on Plaintiff to start the fire.

to supervisors and medical personnel about some of his concerns. Plaintiff used a brown paper sack, toilet paper, and the electric socket in his cell to start a fire. Plaintiff was evacuated from his cell due to the fire and Lieutenant Barrattelo escorted him to the showers located down the hall from his cell while the fire was extinguished.

In the shower, Plaintiff coughed out black smoke that had gotten into his lungs and he did not feel well. Lieutenant Barrattelo later ordered Plaintiff out of the shower. Plaintiff stated he would exit the shower only if he was immediately taken to medical. Lieutenant Barrattelo asked Plaintiff if he was refusing to comply with his direct order to get out of the shower, and Plaintiff said he was refusing the order unless the Lieutenant promised to escort him to medical right away. Lieutenant Barrattelo then called for a UOF team including Officer Lee, and two John Doe officers who were not wearing name tags.[4] Plaintiff admits that he told the officers to "suit up" for the UOF, and said to them "don't chicken out on me." Lieutenant Barrattelo then sprayed tear gas in Plaintiff's face, while the two John Doe officers rushed toward Plaintiff, hitting him with their shields and Officer Lee assisted them in taking Plaintiff to the ground. Plaintiff did not try to resist. Plaintiff was "hog tied," with his hands cuffed behind his back and carried to a cell, not immediately to medical. Shortly thereafter, a large Hispanic sergeant with a moustache, who may have been one of the John Doe officers, discovered Plaintiff passed

---

[4] Plaintiff did not know the names of the two other officers involved in the UOF, but was told he could name them as Officer John Doe 1 and Officer John Doe 2 if he wanted to add them as Defendants. Plaintiff did so move and Officer John Doe 1 and 2 were added as additional Defendants.

out in his cell and he escorted Plaintiff to medical. Nurse Munoz evaluated Plaintiff, observed he was having problems breathing and called in for a psychiatric evaluation.

Later that day, Plaintiff completed a UOF statement. (D.E. 1, pp. 12). Plaintiff states that the UOF occurred while he was in the shower and admits "*I made them run a team on me.*" *Id.* (emphasis added). Plaintiff claims that he submitted to the UOF, but the UOF team continued to hit him and he "did nothing to them." *Id.* In response to whether or not he received any injuries, Plaintiff responded: "Yes, I can't see where, but they left some marks." *Id.* At the evidentiary hearing, Plaintiff testified that he had bumps on his head. He claims to get more headaches then he used to prior to the UOF.

Plaintiff is seeking $750,000 for his pain and suffering, compensatory damages for his medical expenses and reimbursement of court costs. (D.E. 1, p. 4). Plaintiff also states that he wants his sentence vacated. However, at the evidentiary hearing, Plaintiff testified that he did not receive a disciplinary case for failure to obey an order.

### III. DISCUSSION

#### A. Legal standard

Section 1983 provides a vehicle for redressing the violation of federal law by those acting under color of state law. *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). To prevail on a § 1983 claim, the plaintiff must prove that a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; *West v. Atkins,* 487 U.S. 42, 48 (1988). A defendant acts under color of state law if he misuses or abuses official power and if there is a nexus between

the victim, the improper conduct, and the defendant's performance of official duties. *Townsend v. Moya,* 291 F.3d 859, 861 (5th Cir. 2002).

"Personal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele,* 709 F.2d 381, 382 (5th Cir. 1983). There is no vicarious or *respondeat superior* liability of supervisors under section 1983. *Thompkins v. Belt,* 828 F.2d 298, 303-04 (5th Cir. 1987). *See also Carnaby v. City of Houston,* 636 F.3d 183, 189 (5th Cir. 2011) (the acts of subordinates do not trigger individual § 1983 liability for supervisory officials). For a supervisor to be liable under § 1983, the plaintiff must show that (1) the supervisor failed to supervise or train the subordinate official; (2) a causal link exists between the failure to train or supervise and the constitutional violation; and (3) the failure to train or supervise amounts to deliberate indifference to the plaintiff's constitutional rights. *Roberts v. City of Shreveport,* 397 F.3d 287, 292 (5th Cir. 2005). Establishing a supervisor's deliberate indifference generally requires a plaintiff to demonstrate "at least a pattern of similar violations." *Rios v. City of Del Rio, Tex.,* 444 F.3d 417, 427 (5th Cir. 2006) (citations omitted).

Regardless of whether a plaintiff has properly exhausted his administrative remedies, his action may be dismissed for failure to state a claim upon which relief can be granted. 42 U.S.C. § 1997e(c)(2). An action may be dismissed for failure to state a claim when it is clear that the prisoner can prove no set of facts in support of his claim entitling him to relief. *Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2002). The complaint must be liberally construed in favor of the prisoner and the truth of all pleaded facts must be assumed. *Id.*

### B. Analysis

#### (1) Eleventh Amendment

Plaintiff did not indicate in what capacity he is suing the Defendants, and therefore, it is assumed he is suing them in both their official and individual capacities. The Eleventh Amendment bars a suit for money damages against a state or state agency. *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996). An action by a citizen against a state official in his or her official capacity is, in actuality, an action against the State itself, and is therefore barred by the Eleventh Amendment. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). The Fifth Circuit has extended the Eleventh Amendment immunity to TDCJ-CID officers and officials acting in their official capacities. *See Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002) (Eleventh Amendment bars prisoner's suit for money damages against prison officials in their official capacities); *Augilar v. TDCJ*, 160 F.3d 1052, 1054 (5th Cir. 1998) (same). Thus, to the extent Plaintiff is suing any Defendant in his or her official capacity for money damages, those claims are barred by the Eleventh Amendment, and are dismissed as such with prejudice.

#### (2) Excessive Force

Plaintiff claims that Lieutenant Barrattelo used excessive force when he sprayed tear gas in his face, and that Officer Lee and Officers John Doe 1 and 2 used excessive force when they physically extracted him from the shower because they hit him with their shields when they took him to the ground leaving "marks" on his body. (D.E. 1, p. 12).

To state a claim for excessive force, a prisoner-plaintiff must show that the force was not applied in a good-faith effort to maintain or restore discipline, but was applied maliciously and sadistically to cause harm, and that the injury he suffered was more than *de minimis,* but not necessarily significant. *See Hudson v. McMillian*, 503 U.S. 1, 6, 10 (1992); *Gomez v. Chandler*, 163 F.3d 921, 923-24 (5th Cir. 1999); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). The factors to be considered are (1) the extent of the injury suffered; (2) the need for application of force; (3) the relationship between that need and the amount of force used; (4) the threat reasonably perceived by the responsible officials; and (5) any effort made to temper the severity of a forceful response. *Gomez*, 163 F.3d at 923.

In *Wilkins v. Gaddy*, 559 U.S. 34 (2010) (per curiam), the Supreme Court ruled that a district court "erred in dismissing Wilkins' excessive force complaint based on the supposedly *de minimis* nature of his injuries." *Id.* at 40. The Court grounded this conclusion on the principle that "'the core judicial inquiry' [is] not whether a certain quantum of injury was sustained, but rather 'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" *Id.* at 1178 (citations omitted). Thus the focus is on whether the force itself is the sort that is "repugnant to the conscience of mankind," regardless of whether the inmate has the good fortune to escape with limited injuries. *Wilkins,* 559 U.S. at 39.

Accepting Plaintiff's allegations as true, he fails to state a claim of excessive force. Plaintiff's own testimony refutes that the force was applied maliciously or sadistically to cause harm. Plaintiff freely admits that, at the time of the UOF, he was on

8 / 10

medication for bipolar disorder and anger management issues. He had been involved in two prior UOF episodes within the last two months. He admits to lighting a fire in his cell. He admits further to refusing to exit the shower when ordered to do so, and when Lieutenant Barrattelo asked if he was refusing a direct order, he answered that he was in fact doing so. He told the UOF team to "suit up" and to "not chicken out." Although he testified to getting "marks" on his body, from the UOF, he alleged no serious injury in the UOF offender participant statement that was made the very day of the UOF. The fact is, he received some bumps and bruising because he refused to exit the shower and he demanded that a UOF team be employed. Under these particular circumstances, the force employed was reasonable, and Plaintiff's allegations fail to give rise to a cognizable constitutional violation.

In general, allegations of excessive force are rarely resolved at § 1915A screening because the prisoner-plaintiff's allegations are taken as true, thus challenging whether the force was applied sadistically and maliciously or in a good faith effort to maintain order. However, in this case, even if Plaintiff *believes* the force employed was excessive, the circumstances of the applied force and Plaintiff's *de minimis* injuries equate to a finding of no constitutional violation. There is simply no evidence that the force was applied maliciously or sadistically, but to the contrary, all evidence, as provided by Plaintiff, establishes the force was applied only to restore order and to maintain discipline.

## IV. CONCLUSION

Plaintiff's claims against Defendants in their official capacities are barred by the Eleventh Amendment, and he fails to state cognizable constitutional claims against Defendants in their individual capacities for excessive force. Accordingly, this action is dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

ORDERED this 29th day of September, 2014.

_____
Jason B. Libby
United States Magistrate Judge